No. 2704

Second Circuit

TRADERS' SECURITIES CO. v. SOLOMAN

(January 28, 1927. Opinion and Decree.)

(Syllabus by the Editor)

1. Louisiana Digest—Sales—Par. 42, 46.

A purchase of jewelry evidenced by trade acceptances is binding upon the purchaser of the jewelry in the absence of fraud or misrepresentation and cannot be cancelled merely because the purchaser does not want it.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Grant.

Action by Traders' Securities Company against M. Soloman.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. A. Carter, of Alexandria, attorney for plaintiff, appellee.

John A. Williams and R. B. Williams, of Colfax, attorneys for defendant, appellant.

ODOM, J. On August 19, 1924, a representative of the Arch Manufacturing Company sold to defendant, M. Soloman, who is a merchant, a bill of goods to be delivered in due course. The goods were to be paid for in three installments of $59.60 each, due in three, five and seven months from the date of sale. Evidencing these installments, the Arch Manufacturing Company drew three drafts or "trade acceptances", all alike except as to the date of payment, as follows:

"$59.60.    St. Louis, Mo., Aug. 19th, 1924.

"Three months (the other two are for five and seven months, respectively) after date, pay to the order of OURSELVES at our office at St. Louis, Mo., fifty-nine and 60-100 dollars. The obligation of the acceptor hereof arises out of the purchase of goods from the drawer.

(Signed) "ARCH MANUFACTURING CO.

"To M. Soloman,

"Selma, La."

Across the face of these instruments is printed in red ink the word, "Accepted", and underneath that word is a horizontal line on which M. Soloman signed his name.

These instruments, which are filed in evidence, are endorsed on the back as follows:

"Pay to the order of—
    "Traders Securities Co.
    "Arch Manufacturing Co.
        "Per W. A. Blackstad,
                "President."

The Traders Securities Company, alleging that it is the holder and owner in due course and for a valuable consideration of said acceptances, brought suit against M. Soloman to recover the amount thereof, Soloman having refused to pay them.

The defense is that the acceptances were obtained through fraud and that plaintiff is not the owner in good faith of the instruments sued on but that it obtained them from the Arch Manufacturing Company without consideration, and that there was collusion between the plaintiff and said Arch Manufacturing Company in the transfer.

The lower court gave plaintiff judgment as prayed for with costs, and defendant appealed.

## OPINION

Counsel for defendant say in brief:

"If the facts alleged were true as to purchase without notice, there would be no controversy about the matter, for evidently the defendant would have no defense."

The law applicable being thus conceded, we need discuss only the facts concerning the transaction.

These acceptances are all dated August 19, 1924.

The testimony of Frank Coffman, secretary and treasurer of the plaintiff company, was taken by commission. He testified that these instruments were carried to the office of the plaintiff in St. Louis in the month of September, 1924, by a representative of the Arch Manufacturing Company and offered for sale at their face value, less ten per cent; that his company then and there purchased them and paid for them in cash; whereupon they were delivered; and that plaintiff has held them ever since. He further testified that plaintiff bought them before maturity in good faith without any knowledge whatever of any controversy between Soloman and the Arch Manufacturing Company, and that he thought the acceptances were perfectly good, otherwise his company would not have purchased them.

Mr. Coffman's testimony to this effect is uncontradicted.

Therefore, under counsel's statement of the law, further discussion of the facts is unnecessary.

However, we have examined the record further and have found no evidence of fraud practiced by the Arch Manufacturing Company upon the defendant.

Soloman testified that he purchased the goods and signed the acceptances, but that within the course of an hour or two his wife suggested to him that he had made a bad trade; whereupon he sought the salesman and demanded a duplicate of the order,

which was not furnished him, and that the salesman promised to mail it, which he failed to do.

Counsel in brief say that Soloman demanded a return of the acceptances which he had signed; but· they are mistaken in that statement.

Soloman says he demanded a duplicate of the order, but says, specifically, that he did not demand a return of the acceptances. He does say, however, that the salesman told him that if he did not want the goods he did not have to take them.

But we are not prepared to believe that Soloman thought the order was cancelled, for two reasons:

First, he did not demand a return of the acceptances; and,

Second, he waited two days, and then wrote the following letter:

"Arch Manufacturing Co.:
"I bought a $298.00 shipment from your salesman and have decided I don't want the jewelry, so just cancel the order.
(Signed) "S. SOLOMAN."

If he had understood that the salesman agreed to cancel the order we think he would have asked for a return of the acceptances and would not have written the letter above quoted.

The company refused to cancel the order and shipped the goods. Soloman refused to accept them because, he said, he did not want them. He does· not say that the goods were not of the character, kind and quality represented. He says he did not want them. He does not charge that the salesman made any misrepresentation to him. Therefore, the sale was binding upon him and these instruments evidence a valid and binding obligation upon him to pay for the goods.

But these acceptances were negotiable and went into the hands of an innocent third person, who paid value for them before maturity; so that Soloman is in no position to plead fraud as against the plaintiff, ·even if any had been practiced upon him by the salesman.

The judgment appealed from is correct and is accordingly affirmed at appellant's cost.